Robert Chalfant (State Bar No. 203051)
**ROBERT CHALFANT LAW, PC**
13620 Lincoln Way, Suite 325
Auburn, California 95603
Telephone: (916) 647-7728
Email: robert@rchalfant.com

Jack E. Kopp [SBN 195799]
**Law Office of Jack E. Kopp**
1528 Star Dr., Suite B
Yuba City, California 95993
Telephone: 530-674-4011
Email: jackk@succeed.net

Attorneys for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>COUNTY OF YUBA, MATTHEW TROY BABB and DOES 1 to 20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action arises from the kidnapping and sexual assault of JANE DOE by MATTHEW TROY BABB, a correctional officer employed by the COUNTY OF YUBA, at the Yuba County Jail.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims under 28 U.S.C.§ 1331

(in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions stated herein occurred in the Eastern District of California.

3. Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Yuba.

**EXHAUSTION**

4. Government Code Section 945.9(a) exempts sexual assault by law enforcement officers from all state and local government claim presentation requirements. Therefore, JANE DOE was and is not required to present a claim prior to initiating this action.

5. However, JANE DOE did submit a Government Tort Claim which was received by the COUNTY OF YUBA on March 30, 2026.

6. The COUNTY OF YUBA, through its claims administrator, Carl Warren and Company, issued a written rejection of the Government Tort Claim on May 12, 2026.

7. This action was timely filed after receiving the written rejection of the Government Tort Claim.

**PARTIES**

8. Plaintiff JANE DOE is a resident of the County of Yuba, California. Plaintiff JANE DOE brings this action in her individual capacity on behalf of herself.

9. Defendant COUNTY OF YUBA, at all times material herein employed all individual Defendants in this action, and all individual Defendants acted within the course and scope of their employment.

10. Defendant MATTHEW TROY BABB ("MATTHEW BABB") was, at all times material herein, was a correctional officer employed by the COUNTY OF YUBA and was acting

within the course and scope of his employment and under color of state law at all relevant times. MATTHEW BABB is sued in his individual capacity.

11. Defendant DOES 1 to 20 are and/or were agents or employees of the COUNTY OF YUBA, acting within the course and scope of their employment and under color of state law. Defendant DOES 1 to 20 true and correct names and identities are not currently known. Defendant DOES 1 to 20 are sued by their fictitious names and true and correct names and identities will be submitted when ascertained.

## GENERAL ALLEGATIONS

12. At all times relevant herein, all wrongful and unlawful acts described herein were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13. The COUNTY OF YUBA has enacted policies and procedures for its jail, and those are contained within the Yuba County Jail Policy Manual.

14. The Yuba County Jail Policy Manual declares that its Jail Division's mission is "to provide the safe, efficient, humane and secure custody of all persons incarcerated" and states that they "prepare prisoners mentally and physically for their successful reintegration into the community."

15. The Yuba County Jail Manual, which all members of the jail division are responsible for reading and understanding, informs all employees that "You are responsible for the safekeeping of human beings on both sides of the cells; the inmates, your co-workers, and yourself. This job demands **compassion, empathy, professionalism, integrity, honesty and fairness**. You will be held to a higher standard than the general public… and you should be. You hold an awesome power over other people."

16. The COUNTY OF YUBA has adopted a Prison Rape Elimination Act Policy ("PREA"), (See Policy 402 et seq.), which declares that the Yuba County Jail maintains a zero-tolerance policy for all forms of sexual abuse and assault.

17. The Yuba County Jail Policy Manual declares that sexual abuse "includes abuse by a staff member… with or without the consent of the incarcerated person" and may involve

"[P]enetration of the anal or genital opening of another person, however slight, by a hand, finger object or other instrument," and "[A]ny other intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or the buttocks of another person," as well as [A]ny display by a staff member… of their uncovered genitalia, buttocks, or breast in the presence of an incarcerated person, detainee or resident." Id. at Policy 402.3.

18. The Yuba County Jail Policy Manual also prohibits sexual harassment against incarcerated persons, including "[R]epeated and unwelcome sexual advances; requests for sexual favors; verbal comments, gestures or actions of a derogatory or offensive sexual nature… by a staff member." Id. citing 28 CFR 115.6; 15 CCR 1006.

19. The Yuba County Jail Policy Manual declares that the "legal concept of 'consent' does not exist between staff members and incarcerated persons; any sexual behavior between a staff member and incarcerated person constitutes sexual misconduct and shall subject the staff member to disciplinary action and/or prosecution under the law." Policy 402.3.

20. The Yuba County Jail requires staff to conduct a sexual abuse and assault incident review at the conclusion of every investigation of sexual abuse or assault unless the allegation has been classified as "unfounded." Policy 402.18.

21. The COUNTY OF YUBA requires that "[I]nmates are fully restrained (handcuffs, waist chains, and leg irons) during transport." Policy 513.5.

22. The Yuba County Jail Policy in effect prior to October 15, 2025, stated that a single transport officer may not transport a single Immigration and Customs Enforcement ("ICE") detainee of the opposite gender. "In the case of individual transports, when transporting an inmate of the opposite gender, assigned transportation staff shall call in their time of departure and odometer reading, and then do so again upon arrival. This requirement only applies to ICE detainees and not County inmates." Yuba County Jail Manual, #E-126VIII(B).

23. The COUNTY OF YUBA and Yuba County Jail allowed individual transports by one officer of the opposite gender, even though it acknowledges these transports are unsafe and expose female inmates to the risk of sexual assault.

///

**ALLEGATIONS AGAINST MATTHEW BABB**

24. On or about September 10, 2025, MATTHEW BABB was serving as a correctional officer in the Yuba County Jail and was assigned to the Transportation Unit.

25. On or about September 10, 2025, JANE DOE met MATTHEW BABB when he transported JANE DOE from the Placer County Jail to the Yuba County Jail after she had completed serving a jail sentence in Placer County.

26. During the transport, MATTHEW BABB began making inappropriate comments to JANE DOE, including: "I am attracted to you, you are beautiful," "you know your pants are see thru," and "you have a nice ass and I have a hard on for you." MATTHEW BABB also told JANE DOE that "I don't want to offend you, but my dick is hard thinking about your ass."

27. JANE DOE observed MATTHEW BABB use his cell phone to look up JANE DOE on Facebook and add her to his list of friends.

28. While taking off JANE DOE's seatbelt after arriving at the Yuba County Jail, MATTHW BABB intentionally brushed his hands across JANE DOE's breasts.

29. MATTHEW BABB also informed JANE DOE that he had sexual relations with other inmates that he had transported while working as a correctional officer.

30. On or about September 17, 2025, Deputy MATTHEW BABB had JANE DOE from her cell at the Yuba County Jail and she was directed her to go the infirmary within the jail.

31. JANE DOE had not requested medical attention prior to this date and did not understand why she was being taken to the infirmary.

32. At the infirmary, MATTHEW BABB was present and directed JANE DOE into a hallway where he informed JANE DOE that he had been personally following her criminal case and that he "could not stop thinking about her."

33. JANE DOE did not receive any medical attention on this date and was returned to her cell by jail medical staff.

34. On or about October 3, 2025, Correctional Officer Alexandra Callis informed JANE DOE that she had a medical appointment at an outside facility and directed her to go the booking area.

35. Correctional Officer Callis failed to review the documentation submitted by MATTHEW BABB for JANE DOE to be transported to an off-site medical facility, which would have alerted Correctional Officer Callis to the fact that the documents submitted by MATTHEW BABB were forged, falsified and fabricated and were for the sole purpose of kidnapping JANE DOE from the Yuba County Jail to sexually assault JANE DOE.

36. Multiple employees of the Yuba County Jail failed to confirm the authenticity of the documents presented by MATTHEW BABB, failed to confirm that a medical appointment was scheduled at an off-site facility, and failed to question MATTHEW BABB about the alleged off-site medical appointment, allowing JANE DOE to be released to the sole custody of MATTHEW BABB.

37. Once JANE DOE arrived at the booking area, MATTHEW BABB was present and JANE DOE asked him what the medical appointment was for. MATTHEW BABB replied, “I don’t know, I am just the transport officer.”

38. MATTHEW BABB placed JANE DOE in wrist restraints and leg shackles, as required for an in-custody transport, and escorted her to a Yuba County Sheriff’s Department patrol vehicle for transportation. MATTHEW BABB was wearing a Yuba County Sheriff’s Department uniform.

39. Once inside the patrol vehicle, MATTHEW BABB informed JANE DOE that she did not have a medical appointment and told her that he was going to get fuel near the Yuba County Airport.

40. MATTHEW BABB exited the Yuba County Jail with JANE DOE at 10:22 a.m. JANE DOE was in full restraints in the back of the patrol vehicle.

41. As MATTHEW BABB was driving towards the fuel station, he observed several Yuba County Sheriff Department Detectives at the fuel pumps, so he continued driving past the fuel pumps and parked down the street to avoid interacting with other officers.

42. Sergeant Fernando Machuca from the Yuba County Sheriff’s Department observed the Yuba County Sheriff’s Department patrol vehicle driven by MATTHEW BABB parked at this location at approximately 10:30 a.m. Sergeant Fernando Machuca failed to investigate to see why

MATTHEW BABB was parked while performing his assignment with the transportation unit at the jail.

43. If Sergeant Fernando Machuca had investigated he would have learned that MATTHEW BABB had kidnapped JANE DOE from the jail and was avoiding other officers to avoid detection and arrest.

44. After re-fueling his vehicle, MATTHEW BABB told JANE DOE, "I want to fuck you so bad. My house is just down the street." MATTHEW BABB also informed JANE DOE that he had forged his mileage so that he could have time alone with JANE DOE.

45. JANE DOE was terrified that MATTHEW BABB had just kidnapped her from the Yuba County Jail and believed that MATTHEW BABB intended to rape her after kidnapping her.

46. JANE DOE was in wrist and leg restraints in the back of the patrol vehicle and had no way to escape from MATTHEW BABB, a sworn correctional officer employed by the Yuba County Sheriff's Department.

47. MATTHEW BABB informed JANE DOE that he "couldn't stop thinking about you, and had been thinking about you all week. I have been trying to figure out how to get you out of the jail."

48. JANE DOE was absolutely terrified knowing that a correctional officer had forged documents so that he could get her out of the jail, kidnapped her from the Yuba County Jail, and forged his mileage so that he could escape accountability for his crimes.

49. While being transported in the Yuba County Sheriff's Department vehicle, MATTHEW BABB drove JANE DOE to his own house. MATTHEW BABB did not stop at his house as he saw that his roommate was home.

50. MATTHEW BABB then transported JANE DOE to a dead-end of Furneaux Road in Olivehurst. MATTHEW BABB exited his patrol car and walked to the rear passenger compartment where JANE DOE was sitting.

51. MATTHEW BABB opened the patrol car door, leaned in and began kissing JANE DOE on her lips without her consent.

52. JANE DOE refused to kiss MATTHEW BABB, so he began kissing her on the

neck and grabbing her breasts.

53. MATHHEW BABB then pushed his hand into JANE DOE's pants and digitally penetrated JANE DOE's vagina. JANE DOE did not consent to being digitally penetrated by MATTHEW BABB.

54. MATTHEW BABB then stood up and unzipped his pants which exposed his erect penis. MATTHEW BABB took JANE DOE's hands, which were in restraints, and placed them on his penis. MATTHEW BABB forced JANE DOE to masturbate him until he ejaculated outside of the vehicle onto the ground.

55. After ejaculating on the ground, MATTHEW BABB drove JANE DOE to Peach Tree Clinic in Linda to make it appear as though she had a medical appointment, and so that cameras recording the entrance of Peach Tree Clinic would show that he had transported JANE DOE to the clinic.

56. MATTHEW BABB then transported JANE DOE back to the Yuba County Jail.

57. During the transport to the Yuba County Jail, MATTHEW BABB had several panic attacks where he begged JANE DOE not to tell anyone that he had sexually assaulted JANE DOE.

58. MATTHEW BABB kept asking JANE DOE if she was going to tell others what happened, and JANE DOE promised that she would not tell.

59. MATTHEW BABB's erratic behavior and panic attacks terrified JANE DOE as she was convinced that MATTHEW BABB would kill her to keep her from telling others what happened, and MATTHEW BABB would create a false story that JANE DOE had tried to escape or attack him to justify an unlawful use of deadly force.

60. JANE DOE was crying in the back of the patrol car, as she thought that her life was about to end. MATTHEW BABB became increasingly psychotic as he was returning to jail and begging and pleading for JANE DOE not to tell anyone.

61. MATTHEW BABB repeatedly asked, "Are you gonna tell on me?"

62. JANE DOE stated several times that she would not tell anyone, hoping that MATTHEW BABB would believe her and return her to jail.

63. MATTHEW BABB returned JANE DOE to the Yuba County Jail at 11:22 a.m. Once safely back inside the jail, JANE DOE returned to her cell and took a long shower where she cried uncontrollably and began throwing up.

64. JANE DOE's cellmates asked her what was wrong and begged her to tell them what had happened as they could see that she was mentally and emotionally distraught and vomiting.

65. JANE DOE told her cellmates that she had been sexually assaulted by MATTHEW BABB after he kidnapped her from the Yuba County Jail.

66. JANE DOE's cellmates told her that she should file a Prison Rape Elimination Act ("PREA") complaint and that if she did not, they would file a PREA complaint on her behalf.

67. JANE DOE was afraid of filing a PREA complaint as she was concerned that MATTHEW BABB would find out and retaliate.

68. JANE DOE's cellmates contacted Correctional Officer Alexandra Callis at 12:00 pm on the day of the incident and made a PREA complaint on JANE DOE's behalf.

69. The Yuba County Sheriff's Department began a PREA investigation, and interviewed JANE DOE who described what had happened during the transport.

70. Officers from the Yuba County Sheriff's Department obtained video from a Power Mart near Furneaux Road, which showed MATTHEW BABB in full uniform transporting JANE DOE in a Yuba County patrol vehicle.

71. At approximately 5:30 p.m., MATTHEW BABB returned to the Yuba County Jail after transporting another inmate. Detectives advised MATTHEW BABB that his department issued handgun was being confiscated, seized his vest and other department issued gear and escorted MATTHEW BABB to an interview room.

72. MATTHEW BABB was advised that he was being investigated and read his Miranda rights, which he acknowledged he understood.

73. MATTHEW BABB informed officers that he started his shift that day by transporting JANE DOE to "eye care" at Peach Tree Clinic and then returned her to the jail.

74. MATTHEW BABB informed officers that when he arrived at Peach Tree Clinic,

he was surprised the Clinic parking lot was empty and after entering, learned that JANE DOE did not have an appointment that day.

75. MATTHEW BABB told investigators that he then drove to the fuel station on Furneaux Road, fueled up his vehicle, and returned to the jail with JANE DOE at approximately 11:10 a.m.

76. Investigators informed MATTHEW BABB that he was not being honest and asked if JANE DOE had an appointment that day, and MATTHEW BABB said “no.”

77. MATTHEW BABB informed officers about waiting for officers to leave the re-fueling station, and driving to the dead-end on Furneaux road where he and JANE DOE “talked” before taking her back to the jail.

78. MATTHEW BABB was again told that he was being dishonest. MATTHEW BABB then lied and said that he went to the back seat of the patrol car where JANE DOE tried to kiss him.

79. MATTHEW BABB was then asked if he “fingered” JANE DOE and he said, “I am thousand percent honest, I did not.”

80. Investigators explained to MATTHEW BABB that there was a search warrant to swab his fingernails for DNA evidence. MATTHEW BABB immediately admitted that he had touched JANE DOE’s vagina.

81. MATTHEW BABB subsequently admitted that he kidnapped JANE DOE from the Yuba County Jail because he was infatuated with her after meeting her in Placer County. MATTHEW BABB admitted that he had been planning to take JANE DOE out of the Yuba County Jail since September 30, 2025.

82. On October 3, 2025, Detectives arrested MATTHEW BABB for sexual assault and he was booked into the Yuba County Jail.

83. Investigators at the Yuba County Sherif’s Department referred their investigations into MATTHEW BABB’s criminal misconduct to the Yuba County District Attorney for criminal prosecution.

84. On October 4, 2025, MATTHEW BABB was charged with several crimes against

JANE DOE. The Yuba County District Attorney charged MATTHEW BABB with the following criminal offenses: (1) Penal Code ("P.C.") Section 289(a)(1)(A) (felony sexual penetration with force/fear/etc.); (2) P.C. Section 207(a)(felony kidnapping); (3) P.C. Section 243.4(a)(felony sexual touching); (4) P.C. Section 243.4(d)(felony sexual gratification); and (5) P.C. Section 243.4(e)(1)(misdemeanor sexual battery).

85. On June 3, 2026, MATTHEW BABB entered a guilty plea to violating P.C. Section 289(a)(1)(A)(felony sexual penetration with force/fear). The other charges were dismissed with a Harvey Waiver.

86. On July 27, 2026, MATTHEW BABB was sentenced to three years in state prison and ordered to register for life as a sex offender. MATTHEW BABB was remanded into custody and is currently serving his prison sentence in a state prison.

87. JANE DOE was severely traumatized after being sexually assaulted by MATTHEW BABB.

88. JANE DOE never consented to engaging in sexual acts with MATTHEW BABB. MATTHEW BABB took advantage of his position as correctional officer to handcuff and shackle JANE DOE, kidnap her from the jail, and drive her to a remote location to sexually assault her.

89. JANE DOE cries almost everyday and has frequent nightmares after being sexually assaulted by MATTHEW BABB. JANE DOE no longer trusts law enforcement officers and becomes afraid when she sees them while out in public.

90. After being kidnapped and sexually assaulted, JANE DOE attended approximately 20 counseling sessions with a therapist while in custody. JANE DOE's psychotherapists prescribed medications to help JANE DOE deal with the anxiety, depression, nightmares, guilt, shame and post-traumatic stress disorder caused by MATTHEW BABB's criminal acts.

91. Since being kidnapped and sexually assaulted by MATTHEW BABB, JANE DOE has become isolated and feels hopeless. JANE DOE will need counseling for the rest of her life to address the psychological trauma inflicted by MATTHEW BABB, and the failure of those individuals employed by the COUNTY OF YUBA, who failed to protect her from a sexual predator employed by the Yuba County Sheriff's Department.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**"Excessive Force/Due Process Clause of 14th Amendment"**

**(42 U.S.C. § 1983)**

*Against Defendant MATTHEW BABB*

92. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 91, as though fully set forth herein.

93. Defendant MATTHEW BABB deprived JANE DOE of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, when he sexually harassed and sexually assaulted JANE DOE while she was a pretrial detainee at the Yuba County Jail.

94. MATTHEW BABB used and abused his position of authority as a correctional officer employed at the Yuba County Jail and at all times acted under color of law and without any penological justification.

95. MATTHEW BABB touched JANE DOE in a sexual manner and engaged in sexual conduct for his own sexual gratification. MATTHEW BABB performed these acts for the purpose of humiliating, degrading and demeaning JANE DOE.

96. As a direct and proximate result of said acts by MATTHEW BABB, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

97. Defendant MATTHEW BABB's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant MATTHEW BABB according to proof.

**SECOND CLAIM FOR RELIEF**

**"Right to Bodily Integrity"**

**(42 U.S.C. § 1983)**

*Against Defendant MATTHEW BABB*

98. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through

97, as though fully set forth herein.

99. Defendant MATTHEW BABB deprived JANE DOE of her rights under the Fourteenth Amendment to the U.S. Constitution, when he sexually harassed and sexually assaulted JANE DOE while she was serving a custody sentence at the Yuba County Jail.

100. MATTHEW BABB used and abused his position of authority as a correctional officer employed at the Yuba County Jail to control JANE DOE's movements within the jail and during transport, and at all times acted under color of law and without any penological justification.

101. MATTHEW BABB touched JANE DOE in a sexual manner and engaged in sexual conduct for his own sexual gratification. Deputy MATTHEW BABB performed these acts for the purpose of humiliating, degrading and demeaning JANE DOE.

102. As a direct and proximate result of said acts by Defendant MATTHEW BABB, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

103. Defendant MATTHW BABB's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against MATTHEW BABB according to proof.

## <u>THIRD CLAIM FOR RELIEF</u>

**"Failure to Protect"**

**(42 U.S.C. § 1983)**

*Against DOES 1 to 20*

104. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 103, as though fully set forth herein.

105. The acts and/or omissions of DOES 1 to 20 in failing to properly investigate prior claims of sexual harassment and sexual assault against female inmates by MATTHEW BABB were done with clear disregard for JANE DOE's and other female inmate's rights under federal and state law.

106. The acts and/or omissions of Yuba County Sheriff Department employee Sergeant Fernando Machuca, who observed MATTHEW BABB parked on a dead-end road near the fuel pumps while possibly transporting an inmate, were done with clear disregard for inmate's rights and safety.

107. The acts and omissions of unknown correctional officers who allowed MATTHEW BABB to remove JANE DOE from the Yuba County Jail after presenting forged, fraudulent and fabricated paperwork for an off-site, non-existent medical appointment, were done with clear disregard for JANE DOE's rights under federal and state law.

108. These decisions put JANE DOE at substantial risk of suffering serious harm and she in fact suffered serious harm.

109. Defendant DOES 1 to 20 did not take reasonable available measures to abate the risks, even though reasonable officers in the circumstances would have appreciated the high degree of risk involved in light of the obvious consequences.

110. By not taking such measures, Defendant DOES 1 to 20 caused JANE DOE's injuries.

111. As a direct and proximate result of said acts and/or omissions by Defendants DOES 1 to 20, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

112. The aforementioned acts and/or omissions of said Defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of JANE DOE thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

## FOURTH CLAIM FOR RELIEF

**"Unlawful Seizure"**

**(42 U.S.C. § 1983)**

*AGAINST MATTHEW BABB*

113. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through

112, as though fully set forth herein.

114. MATTHEW BABB was acting under color of state law during all times relevant to this action.

115. By taking custody and assuming control over JANE DOE, MATTHEW BABB unlawfully seized JANE DOE under the Fourth Amendment to the United States Constitution, as he had no warrant, and had no authority to remove her from the Yuba County Jail and transport her to undisclosed and unknown locations.

116. As a direct and proximate result of said acts and/or omissions by Defendants MATTHEW BABB and DOES 1 to 20, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

117. The aforementioned acts and/or omissions of said Defendant MATTHEW BABB were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of JANE DOE, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

## FIFTH CLAIM FOR RELIEF

### "California Gender Violence Law"

### (Cal. Civ. Code § 52.4)

*Against MATTHEW BABB and DOES 1 to 20*

118. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 117, as though fully set forth herein.

119. The actions of MATTHEW BABB, in sexually harassing and sexually assaulting JANE DOE constitute "gender violence" and sex discrimination under Civil Code § 52.4, as those acts constitute criminal offenses under state law and involved physical invasions of a sexual nature under coercive conditions. MATTHEW BABB has been charged and convicted for his criminal conduct relating to JANE DOE.

120. MATTHEW BABB touched JANE DOE in a sexual manner and engaged in

sexual conduct for his own sexual gratification. MATTHEW BABB performed these acts for the purpose of humiliating, degrading and demeaning JANE DOE.

121. As a direct and proximate result of said acts by Defendant MATTHEW BABB and DOES 1 to 20, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

122. Defendant MATTHEW BABB's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant MATTHEW BABB according to proof.

## SIXTH CLAIM FOR RELIEF

**"Tom Bane Civil Rights Act"**

**(California Civil Code § 52.1)**

*Against MATTHEW BABB, COUNTY OF YUBA, and DOES 1 to 20*

123. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 122, as though fully set forth herein.

124. Defendant MATTHEW BABB sexually harassed and sexually assaulted JANE DOE, through the use of coercion, intimidation and threats, with deliberate indifference or reckless disregard of rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution as well as California Civil Code § 52.4.

125. Defendant MATTHEW BABB unlawfully seized JANE DOE under the Fourth Amendment when he kidnapped her from the Yuba County Jail and transported her to several locations without lawful authority or her consent.

126. Defendant MATTHEW BABB subjected JANE DOE to excessive force under the Fourteenth Amendment while she was in custody as an inmate at the Yuba County Jail, when he sexually assaulted and terrorized her after kidnapping her from the Yuba County Jail.

127. Defendant MATTHEW BABB violated JANE DOE's Fourteenth Amendment right to bodily integrity when he kidnapped and sexually assaulted her while she was an inmate at the Yuba County Jail.

128. Defendant DOES 1 to 20 failed to intercede in Defendant MATTHEW BABB's sexual harassment and sexual assaults of Plaintiff JANE DOE, with deliberate indifference or reckless disregard of rights protected by the Fourteenth Amendment to the U.S. Constitution and California Civil Code § 52.4.

129. Defendants COUNTY OF YUBA failed to train its custodial officers in the recognition and prevention of staff sexual misconduct as required by the Yuba County Jail Manual," California Code of Regulations, Title 15, Section 3401.5(c), and the Sexual Abuse in Detention Act ("SADEA") (See Penal Code Sections 2635-2643).

130. Defendants COUNTY OF YUBA have policies, customs and practices that permit employees with prior complaints of staff sexual misconduct to transport female inmates for non-existent medical appointments to outside medical facilities with only one transporting officer of the opposite sex, even though there was a known and obvious risk of female inmates having their constitutional and statutory rights violated.

131. Plaintiff JANE DOE was harmed by Defendants' actions and omissions and their conduct was a substantial factor in causing JANE DOE's harm

132. Deputy MATTHEW BABB's actions constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

133. Defendant COUNTY OF YUBA is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment.

134. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants' actions and inactions, entitling her to receive compensatory, treble damages and civil penalties.

135. Plaintiff JANE DOE is also entitled to an award of reasonable attorneys' fees and costs pursuant to Civil Code Section 52.1 and as allowed by law.

**<u>SEVENTH CLAIM FOR RELIEF</u>**

**"Sexual Assault and Battery"**

**(California Common Law/Civ. Code § 1708.5)**

*Against MATTHEW BABB, COUNTY OF YUBA and DOES 1 to 20*

136. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 135, as though fully set forth herein.

137. MATTHEW BABB acted with the intent to cause a harmful or offensive contact by sexually assaulting and battering JANE DOE while she was under his care, custody, and control as an inmate at the Yuba County Jail.

138. MATTHEW BABB caused an imminent fear of sexual assault and battery by summoning JANE DOE for transport to an outside medical facility when she had no medical appointment and had not requested medical attention, and sexually offensive contact with JANE DOE resulted.

139. JANE DOE did not consent to being touched by MATTHEW BABB and did not consent to being sexually assaulted while in custody by MATTHEW BABB.

140. Defendant COUNTY OF YUBA is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment.

141. JANE DOE was harmed by MATTHEW BABB's conduct.

142. As a direct and proximate result of said acts by Defendant MATTHEW BABB, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

143. Defendant MATTHEW BABB's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant MATTHEW BABB according to proof.

**EIGHTH CLAIM FOR RELIEF**

**"False Arrest/False Imprisonment"**

**(California State Common Law)**

*Against MATTHEW BABB, COUNTY OF YUBA and Does 1 to 20*

144. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 143, as though fully set forth herein.

145. Defendant MATTHEW BABB intended to confine or restrain Plaintiff JANE DOE without her consent and without any legal authority, when MATTHEW BABB kidnapped Plaintiff JANE DOE from the Yuba County Jail, a secure correctional facility, for the purpose of sexually assaulting and/or raping JANE DOE.

146. On October 3, 2025, MATTHEW BABB presented false, fraudulent and fabricated documents to the Yuba County Jail which showed that Plaintiff JANE DOE had an outside medical appointment at an off-site medical facility.

147. Employees of the Yuba County Jail, including Correctional Officer Alexandra Callis, did not review or confirm the documents presented by MATTHEW BABB, and instead allowed MATTHEW BABB to remove an inmate from the custody of the Yuba County Jail for the purpose of sexually assaulting the inmate.

148. Defendant COUNTY OF YUBA is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment.

149. JANE DOE was harmed by MATTHEW BABB's conduct.

150. As a direct and proximate result of said acts by Defendant MATTHEW BABB, JANE DOE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

151. Defendant MATTHEW BABB's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant MATTHEW BABB according to proof.

**NINTH CLAIM FOR RELIEF**

**"Intentional Infliction of Emotional Distress"**

**(California State Common Law)**

*Against MATTHEW BABB, COUNTY OF YUBA, and DOES 1 to 20*

152. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 151, as though fully set forth herein.

153. Defendant MATTHEW BABB engaged in extreme and outrageous conduct by kidnapping JANE DOE and subjecting JANE DOE to non-consensual sexual acts, which caused JANE DOE to suffer severe mental and emotional distress.

154. Defendant COUNTY OF YUBA is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment.

155. Defendant DOES 1 to 20 engaged in extreme and outrageous conduct, including by failing to protect JANE DOE, integrally participating in, and/or aiding and abetting Defendant MATTHEW BABB's kidnapping, sexual harassment and sexual assaults of JANE DOE.

156. Defendants MATTHEW BABB and DOES 1 to 20 actions and inactions constituted oppression, fraud and/or malice resulting in great harm and thereby entitling JANE DOE to an award of punitive damages against all individually named Defendants.

157. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants MATTHEW BABB and DOES 1 to 20 actions and inactions, entitling her to receive compensatory damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

## TENTH CLAIM FOR RELIEF

**"Negligence"**

**(California State Common Law)**

*Against MATTHEW BABB, COUNTY OF YUBA, and DOES 1 to 20*

158. Plaintiff JANE DOE re-alleges and incorporates by reference paragraphs 1 through 157, as though fully set forth herein.

159. Defendants MATTHEW BABB, COUNTY OF YUBA, and DOES 1 to 20 owed a duty to protect Plaintiff JANE DOE and breached that duty by allowing MATTHEW BABB to

kidnap her and sexually assault her while an inmate at the Yuba County Jail.

160. Defendants COUNTY OF YUBA and DOES 1 to 20 failed to ensure Plaintiff was free from sexual violence caused by jail correctional officers, including:

a.) Failing to confirm outside medical appointments for inmates prior to transport;

b.) Allowing female inmates to be transferred by only one male transport officer, even though Yuba County Jail policies recognize the risk involved and require that two officers are required for the transport of ICE detainees;

c.) Sergeant Fernando Machuca's failure to conduct any inquiry into why a Yuba County Jail inmate transport vehicle was attempting to avoid detection by parking away from the fuel pumps used by Yuba County law enforcement personnel that were present and re-fueling; and

d.) By failing to investigate prior complaints of sexual misconduct and inappropriate behavior committed by MATTHEW BABB against female inmates while employed as a correctional officer at the Yuba County Jail.

161. Defendant COUNTY OF YUBA is vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment.

162. Plaintiff JANE DOE was injured as a direct and proximate result of Defendants' actions to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JANE DOE seeks judgment as follows:

1. For an award of nominal, compensatory, general and special damages against Defendants according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants MATTHEW BABB, and DOES 1 to 20, in an amount sufficient to deter and to make an example of them,

because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional or statutory rights, and constituted oppression, fraud or malice resulting in great harm;

3. For an award of actual damages, treble damages, civil penalties and any other available relief under the Bane Act against Defendants MATTHEW BABB and DOES 1 to 20;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Civ. Code § 52.4, Cal Code of Civ. Proc. § 1021.5, and any other statute that may be applicable; and,

5. For an award of any other relief, as the Court deems fair, just and equitable.

Dated: August 26, 2026 Respectfully Submitted,

By: _/s/ Robert Chalfant_________
Robert Chalfant
ROBERT CHALFANT LAW, PC

Attorney for Plaintiff
JANE DOE

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JANE DOE.

Dated: August 26, 2026 Respectfully Submitted,

By: _/s/ Robert Chalfant_________
Robert Chalfant
ROBERT CHALFANT LAW, PC

Attorney for Plaintiff
JANE DOE