Robert Chalfant (State Bar No. 203051)
**ROBERT CHALFANT LAW, PC**
13620 Lincoln Way, Suite 325
Auburn, California 95603
Telephone: (916) 647-7728
Email: robert@rchalfant.com

Attorney for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF YUBA, MATTHEW TROY BABB, and DOES 1 to 20,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF JANE DOE'S EX PARTE MOTION TO PROCEED BY PSEUDONYM** |

## I. INTRODUCTION

Plaintiff requests the Court's permission to proceed by the pseudonym "Jane Doe" in place of her true and correct name because this action involves allegations of sexual assault by a correctional officer.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff has initiated the above captioned matter by filing the currently operative Complaint. (ECF No. 1 ("Compl.").) Therein, Plaintiff alleges that she was kidnapped and sexually assaulted by correctional officer Matthew Troy Babb when she was a pretrial detainee in the Yuba County Jail. (Id. At para. 24-91.)

Plaintiff, who is no longer in custody, wishes to maintain her privacy and not be publicly

named or identified in this action. Declaration of Jane Doe ("Doe Decl.") Plaintiff believes the issues in this litigation are highly sensitive and personal in nature, such that disclosure of her identity would raise a serious risk of psychological and emotional harm. (Id. At para. 4.) Plaintiff does not believe that proceeding by a pseudonym will be prejudicial to Defendants, since she has already disclosed her true identity to Defendants prior to filing this action and will disclose her true identity to Defendants during the course of this litigation, including during pre-trial discovery.

## III. ARGUMENT

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch*., 596 F.3d 1036, 1042 (9th Cir. 2010). However, the Ninth Circuit has allowed parties to use pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).) "{A} party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.,* 214 F.3d at 1068. "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms… when anonymity is necessary is necessary to preserve privacy in a matter of sensitive and highly personal nature…". Id.

For example, "[c]ourts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *3-5 (C.D. Cal. June 17, 2016) (collecting cases); See e.g., *J.I. v. United States*, 2018 US Dist. LEXIS 49646, at *4 (E.D. Cal. Mar. 23, 2018); *Roe v. Puig*, 2021 U.S. Dist. LEXIS 115728, at *7-9(C.D. Cal. May 17, 2021); see also *Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) (observing "tradition of not revealing names of the victims of sexual assault").

Plaintiff alleges that she is the victim of sexual harassment and sexual assault. (ECF No. 1 at para. 24-91.) Plaintiff wishes to maintain her privacy and not be publicly named in this action because the issues in this litigation are highly sensitive and personal in nature. (Doe Decl. at para.

4.) Plaintiff fears disclosure of her identity would raise a serious risk of emotional and psychological harm. (Id.)

Defendants will not be prejudiced by Plaintiff's use of a pseudonym since she has already disclosed her true identity to Defendants prior to filing this action and will disclose her true identity to Defendants during the course of this litigation. (Id. At para. 5.)

The public interest in disclosure of her identity is negated here by the "equally strong interest" of "encouraging victims of sexual assault to bring claims against their assailants." *Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *8-9 (C.D. Cal. June 17, 2016).

## IV. CONCLUSION

Plaintiff respectfully requests the Court to grant permission to proceed by the pseudonym "Jane Doe" in place of her true and correct name. A proposed order granting permission is attached hereto.

Dated: August 26, 2026

Respectfully Submitted,

By: /s/ Robert Chalfant
Robert Chalfant
ROBERT CHALFANT LAW, PC

Attorney for Plaintiff
JANE DOE